SAM SAPERSTEIN, Respondent, v. MARTIN SCHREN-
KEISEN, Appellant.

(Supreme Court, Appellate Term, First Department, November,
1916.)

Negligence — action for injuries sustained by falling down elevator
shaft — evidence — trial.

> Plaintiff after working hours was injured by falling down
> an elevator shaft in a loft building owned by defendant because
> though the elevator door was left open the elevator itself was
> at the time "several floors down." The testimony tended to
> show that the light in the loft was poor on the evening of the
> accident. Held, that a charge to the jury that "It is the
> duty of the defendant to furnish sufficient artificial light in
> the elevator" was reversible error; that the absence or presence
> of light in the elevator could not be material on the question
> of defendant's negligence and the absence of light therein
> could not possibly be the proximate cause of the accident.

DEFENDANT appeals from a judgment of the City
Court of the city of New York, entered on the verdict
of a jury in favor of plaintiff, and from an order deny-
ing a motion for a new trial.

Bertrand L. Pettigrew (Walter L. Glenney, of coun-
sel), for appellant.

Bershad & Gossett (Morris E. Gossett, of counsel),
for respondent.

GUY, J. The action was brought to recover dam-
ages for personal injuries sustained by the plaintiff,
an employee of defendant, through falling down an
elevator shaft in a loft building owned by the defend-
ant, about seven o'clock in the evening, after working

hours, where plaintiff had remained for the purpose of watching some of the other employees playing a game of cards. Plaintiff testified that as he was standing looking at the game the watchman came out of the elevator and walked toward the table where the men were seated; that the elevator door, which could only be opened from the inside of the shaft, was then open, and the plaintiff, after asking one of the men if he was coming, immediately went over to the elevator, to go down; that it was dark, and he thought he saw the elevator and the elevator man there; that the elevator door was open outward into the loft and plaintiff caught hold of the door to close it after him, and walked in and fell down the shaft on top of the elevator which was several floors below, sustaining severe injuries.

The main ground of appeal is the exception taken to the court's charge as to the duty of defendant to furnish light. Plaintiff's testimony tended to show that the light in the loft was poor on the evening of the accident, and the court erroneously charged the jury that it was the duty of the defendant, in and by the Labor Law, " to maintain sufficient light to enable the passenger to avoid being injured." To this defendant's counsel excepted, and he requested the court to charge that there was no duty on the defendant with regard to the condition of the light in the loft at the time of the accident, whereupon the court replied: " I charge that it is the duty of the defendant to furnish sufficient artificial light in the elevator." To this defendant's counsel excepted, and he asked the court to charge " that there is no question of the furnishing of light in this case, as bearing upon the question of defendant's negligence," and the trial judge declined to charge except as already charged in the main charge. In so charging as to the duty of defendant

to furnish light in the elevator the learned court erred in a manner highly prejudicial to the defendant. The elevator being at the time at one of the lower floors, " several floors down," the absence or presence of light therein could not be material on the question of defendant's negligence, and the absence of light therein could not possibly be the proximate cause of the accident. Had the elevator been on the floor where the accident occurred, even without a light, the accident could not have occurred.

The judgment must be reversed and a new trial granted, with costs to appellant to abode the event.

BIJUR and SHEARN, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.